```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as
Receiver of AmTrust Bank                    MEMORANDUM & ORDER
                                            13-cv-517(EK)(AYS)
                  Plaintiff,


          -against-

US MORTGAGE CORPORATION,

                  Defendant.

-------------------------------------x

US MORTGAGE CORPORATION

          Third Party Plaintiff,


          -against-

LAWRENCE CONDE, MARIAN CAMPA AND
MICHAEL CONDE,

          Third Party Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

After the Federal Deposit Insurance Corporation ("FDIC") sued US Mortgage Corporation ("USMC"), USMC commenced a third-party action against three individuals: Lawrence Conde, Marian Campa (also known as Marian Conde), and Michael Conde.

Eventually, USMC moved for default against Michael.[1] The Court referred that motion — and several related letters — to Judge Shields for a Report and Recommendation ("R&R"). Judge Shields recommends denying default judgment against Michael. ECF No. 168. Marian Campa and USMC both filed timely objections. *See* USMC Obj. to R&R, ECF No. 173; Campa Obj. to R&R, ECF No. 174. This Court agrees with Judge Shields' conclusion that default is not warranted, and adopts her R&R in full.

## I. Background

This order incorporates Judge Shields' thorough description of the lengthy factual and procedural background of this case. *See* R&R at 2—23.

In brief, FDIC commenced an action against USMC for a mortgage loan package that USMC originated and delivered to the FDIC. It claimed the mortgage was a sham transaction. According to FDIC, Lawrence Conde borrowed money from USMC to purchase Marian and Michael's home at an inflated price, with no intention of ever living there. This generated proceeds that Micheal and Marian allegedly used to discharge their bankruptcy

---

[1] Because there are multiple individuals with the last name Conde in this case, the Court refers to Michael Conde as Michael.
As Judge Shields notes, ordinarily Rule 55 requires the Clerk's office to enter the defaulting party's default on the record before the opposing party can move for default judgment. R&R at 24. The record is not clear whether the Clerk's office ever noted such a default before USMC moved for a default judgment.

2

debts but allowed them to continue living in the home. Lawrence Conde meanwhile never intended to repay the USMC loan. After FDIC sued USMC, USMC sued Lawrence, Michael, and Marian, seeking to recoup any monies that USMC might be determined to owe the FDIC.

FDIC and USMC have since settled with each other and Lawrence Conde has passed away.[2] The remaining parties are USMC, Michael Conde, and Marian Campa. Michael was historically represented by Attorney DeMaio. Throughout this lengthy litigation, either DeMaio, Michael, or both, have failed to attend numerous motion, status, and settlement conferences.

USMC moved for a default judgment against Michael several times, most recently in July 2022. ECF No. 157. Magistrate Judge Shields initially granted this motion, which I later construed as a report and recommendation. Aug. 26, 2022 Docket Order. After the parties submitted objections, I noted that there had been no briefing on the propriety of default under Rule 55, and referred the outstanding objections and motion back to Judge Shields. Oct. 24, 2023 Docket Order.

---

[2] As Judge Shields explained, USMC failed to properly substitute Lawrence's estate and the time to do so has now elapsed. R&R at 19, 29-30. No party objects to this conclusion. The case against Lawrence Conde is therefore dismissed. *See* Fed. R. Civ. P. 25(a)(1) (if substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed").

3

Judge Shields submitted a revised R&R on October 30, 2023 and both USMC and Campa objected.  *See* ECF Nos. 168, 173, 174.

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c).  The district court reviews *de novo* those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), *aff'd*, 578 F. App'x 51 (2d Cir. 2014) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion.").[3]  Where "no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

Judge Shields analyzed two potential grounds for USMC's motion for default:  Rule 37 and Rule 55.  Rule 37 concerns discovery sanctions, which may include default entering against the non-complaint party.  *Guggenheim Capital, LLC v.*

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

*Birnbaum*, 772 F.3d 444, 450-51 (2d Cir. 2013).  Under Rule 37, the Court considers "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned" that noncompliance would be sanctioned."  *Id.* at 451.

Rule 55 concerns default when a party has "failed to plead or otherwise defend the case at hand."  *Id.* at 454.  The Second Circuit has "embraced a broad understanding of the phrase otherwise defend."  *Id.*; *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129-30 (2d Cir. 2011) (collecting cases).  Under Rule 55, the court must "weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party."  *Guggenheim*, 722 F.3d at 455.[4]

The willfulness of Michael's conduct is relevant under both rules, and Judge Shields considered it before denying USMC's motion for default.  "A default is willful when the conduct is more than merely negligent or careless, but is

---

[4] As Judge Chen has observed, despite the fact district courts regularly apply these factors, it is not clear "that the Second Circuit, in fact, requires the application of these factors in deciding whether to grant a default judgment motion in the first instance, as opposed to deciding whether to *vacate*, or grant the appeal of, a default judgment after the fact." *Thomas*, 2019 WL 121678, at *4 n.5.  Here, however, no party has argued that Magistrate Judge Shields relied on the wrong legal standard and the Court will not *sua sponte* reach that issue.

5

instead egregious and not satisfactorily explained." *Jaramillo v. Vega*, 675 F. App'x 76, 76 (2d Cir. 2017). "When a defendant is continually and entirely unresponsive, a defendant's failure to respond is considered willful." *United States v. Thomas*, No. 18-CV-1104P, 2019 WL 121678, at *3 (E.D.N.Y. Jan. 7, 2019). Therefore, "where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the court, such neglect is inexcusable." *Arista Records, Inc. v. Musemeci*, No. 03-CV-4465, 2007 WL 3124545, at *4 (E.D.N.Y. Sept. 18, 2007).

### III. Discussion

USMC objects to Judge Shields' application of the standard for both Rule 37 and 35, primarily arguing that Michael's conduct was willful. *See* USMC Obj. 1-10. Campa objects to the R&R's factual recitation[5] and analysis of the "willfulness of Michael['s]" conduct. *See* Campa Obj. at 3-5. After reviewing de novo those portions of the R&R that the parties object, I adopt it in full.

**A. Willfulness**

USMC objects that Michael's conduct was willful because of his consistent and extensive failure to appear,

---

[5] Campa's objections relate to portions of the R&R in which Judge Shields describes USM's allegations or FDIC's position. *Id.* at 2-3. Judge Shields accurately described each party's position.

6

without explanation.  USMC Obj. 2-5.  It argues that Judge Shields "surmise[d] . . . [Michael] [and] DeMaio have failed to appear" because Michael "believes he has no liability or ability to pay" but that neither Michael nor DeMaio have "offered this as an explanation."  *Id.* at 5, 7.  Campa similarly argues the consistent and extensive "non-compliance" by Michael shows willfulness.  Campa Obj. at 2.  She also argues "[n]one of Micheal Conde's" or his attorney's absences from the case "had anything to do with financial hardship."  *Id.* at 3-4.

      USMC lists the conferences and hearings that Micheal or DeMaio failed to attend and argues that default is warranted because Michael has not explained his absence.  But a review of the record provides a facial explanation and does not indicate the conduct at issue was "more than merely negligent or careless."  *Jaramillo*, 675 F. App'x at 76.

      As an initial matter, this Court has previously noted its concern that a lawyer failing to show up for conferences may not alert a litigant that the litigant is now in default.  Oct. 13, 2021 Status Conf. Tr. 14:8-21, ECF No. 152.  This concern is heightened where the relationship between the client and attorney has apparently denigrated and the Court has been made aware the attorney may no longer be representing the client, even if there has not yet been a formal withdrawal.  *See id.;*

7

ECF No. 148 at 2. Of the missed appearances here, many were *DeMaio* failing to attend, not Michael himself.

Turning to those missed appearances, and what emerges from the record by way of potential explanation: initially DeMaio explained his lack of appearance at the initial pre-motion hearing / settlement conference in July 2016 by filing a letter stating that he would not contribute to the settlement. ECF No. 108. For the next conference, in August, only counsel was directed to attend. And following that, contrary to USMC's argument, DeMaio appeared at the next settlement conference (in September) on behalf of his client. *See* ECF No. 115 (listing appearances).

After three years of inactivity, while USMC and FDIC consummated their settlement, the next status conference was scheduled for August 9, 2019. But just one day before the conference, it was cancelled and then re-instated, potentially creating confusion for the parties. *See* Aug. 8, 2019 Docket Orders. And while the docket indicates Ms. Campa was not present, it does not say anything about Michael or DeMaio. *See* Minute Entry for Aug. 8 Conf., ECF No. 131. A month later, DeMaio did fail to appear at a conference without apparent explanation.

Two years then passed, again. In 2021, I was assigned to the case and scheduled a status conference for October 2021.

8

DeMaio again failed to appear at that conference; I had not ordered Michael to attend.  At that time, the parties represented that DeMaio was no longer counsel to Michael, and it is unclear whether Michael had notice of this conference.  ECF No. 148 at 2.  I also heard that this may have been true for "some time."  Oct. 13 Tr. at 14:8-21.  At the next conference, in May 2022, DeMaio and Michael both failed to appear.  But again it is unclear that *Michael* received notice, despite the fact that the Court was aware DeMaio might no longer represent him.  In June, Michael did receive notice but failed to appear and DeMaio appeared only to withdraw as counsel.  In August 2022, Michael failed to appear *pro se*, despite a direct court order that was served on him.

All told, this nets down to two unexplained instances over a nine-year period where Michael, rather than DeMaio, failed to appear.

Further, Michael has not been "continually and entirely unresponsive."  *Thomas*, 2019 WL 121678, at *3.  He has answered the complaint, asserted affirmative defenses, provided discovery, and attended some court appearances.

Finally, a party's "neglect is inexcusable" if he "is notified that he is in default and . . . makes no effort to appear pro se or to explain his situation to the court." *Arista Records, Inc.*, 2007 WL 3124545, at *4.  But here, once notified

9

that a default judgment was to issue against him, Conde appeared and objected. ECF No. 163.

Though it is a close call, the Court agrees with Judge Shields that the record, taken as a whole, does not support a finding of willfulness. However, Michael Conde is warned that whether he proceeds *pro se* or not, any further failure to comply with court orders or attend scheduled conferences will result in the entry of a default judgment under Rule 55 for failure to defend.

**B.    Other Rule 37 Objections**

All parties, Judge Shields, and the prior judges assigned to this case assumed that default could be appropriate here as a Rule 37 sanction. But the conduct at issue — as described by USMC itself — was Michael's failure to attend settlement conferences, motions hearings, and status conferences, and to join in the preparation of a joint status report. *See* USMC Obj. at 2-5. None of this is specifically discovery related. But USMC requested default under Rule 37(b)(2)(a)(iv), which relates to sanctions for not obeying a discovery order. This provides another reason to reject the entry of default judgment.

Even if a Rule 37 default sanction might be warranted, USMC's objections do not carry the day. USMC does not specifically object to Judge Shields' finding that Michael was

*pro se* at the time the default judgment was issued, ECF No. 159, or her legal conclusion that "imposition of a default judgment where there is failure to properly warn a *pro se* party is an abuse of discretion." R&R at 26. USMC instead argues that Michael had notice of the hearings and the entry of default judgment "can be of no surprise" given warnings issued consistently. USMC Obj. at 6-7.

But even if Michael has notice of the default judgment hearing, he was not warned while proceeding *pro se* in advance of the import of attending said hearings. And all earlier warnings were issued while Michael was represented. Notwithstanding the objections, I remain in agreement with Judge Shields' conclusion that sanctioning Michael by issuing a default judgment as a Rule 37 sanction would be inappropriate.

**C.   Other Rule 55 Objections**

USMC further objects that Micheal has no meritorious defense and that it has been prejudiced by his conduct. Obj. at 7-9. But USMC's argument about a meritorious defense is misplaced: the Court noted in its October 24, 2023, docket order that generally a default judgment can only issue under Second Circuit precedent if the court "determine[s] whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." Docket Order, Oct. 30, 2023 (citing *Mickalis Pawn Shop, LLC*, 645 F.3d at 114). Despite the Court

11

explicitly flagging this concern, no party submitted additional briefing to address whether USMC's allegations establish Michael's liability as a matter of law nor did Judge Shields address this question.  Without knowing if the allegations establish liability in the first instance, it is illogical for the Court to consider whether Michael has a meritorious defense.

Finally, USMC argues it has been prejudiced by Michael's absences.  But USMC does not explain what prejudice it has suffered, other than to say that if default is denied this case will return "to the same procedural posture it was in in August 2019."  USMC Obj. at 10.  USMC thus fails to compellingly address any actual prejudice it has suffered, and this objection too is unavailing.

### IV.  Conclusion

Having reviewed the record and the parties' objections, I find no error and therefore adopt the R&R in its entirety.  I agree with Judge Shields that default judgment is not warranted at this time.  But again, if Michael Conde, whether represented or not, fails to comply with any other court orders or misses another scheduled conference, the Court will not hesitate to enter default judgment under Rule 55 for failure to defend.  Finally, no party challenges Judge Shields' sanction that no party may reopen discovery, which was well within her discretion to order.

The Court therefore adopts the R&R in its entirety and denies USMC's motion for default judgment, ECF No. 157.  USMC's motion for a hearing on its motion for default and request for follow up information, ECF Nos. 165 and 167, are denied as moot.  The parties shall appear for a status conference on June 27, 2025, at 11:30 am in Courtroom 6G North to discuss next steps.

The Clerk of Court is respectfully directed to mail a copy of this order to both Michael Conde and Marian Campa and to note the mailing on the docket.  USMC is also ordered to serve this order on Michael Conde and note service on the docket.

SO ORDERED.

       /s/ Eric Komitee
       ERIC KOMITEE
       United States District Judge

Dated:    June 2, 2025
         Brooklyn, New York